Dear Representative John Sullivan,
¶ 0 This office has received your letter requesting an official Attorney General Opinion addressing, in effect, the following question:
Are the labor and delivery charges charged by caterers totheir consumers a component of the "gross receipts" or "grossproceeds" received by the caterer and subject to sales taxpursuant to 68 O.S. Supp. 1998, § 1354(1)?
¶ 1 Your question may be answered by reference to the provisions of the Oklahoma Sales Tax Code, 68 O.S. 1991 andSupp. 1998, §§ 1350-1374 ("the Code"). Section 1351 of the Code is a statement of Legislative intent and provides in pertinent part:
 It is further hereby declared that the intent of the Legislature is that the excise tax levy re-enacted herein and all other provisions of this Code shall be construed as imposing a tax upon the sale of tangible personal property and services, not otherwise exempted, to the consumer.
68 O.S. 1991, § 1351[68-1351].
¶ 2 The code levies tax on "gross receipts" received from the sale of tangible personal property and services. Gross receipts are defined at Section 1352 of the Code as:
 "Gross receipts" or "gross proceeds" means the total amount of consideration for the sale of any tangible personal property or service taxable under the Oklahoma Sales Tax Code, whether the consideration is in money or otherwise. "Gross receipts" or "gross proceeds" shall include, but not be limited to:
a. cash paid, [and]
 b. any amount for which payment is charged, deferred, or otherwise to be made in the future, regardless of the time or manner of payment,
. . . .
 There shall not be any deduction from the gross receipts or gross proceeds on account of cost of the property sold, labor service performed, interest paid, or losses, or of any expenses whatsoever, whether or not the tangible personal property sold was produced, constructed, fabricated, processed, or otherwise assembled for or at the request of the consumer as part of the sale[.]
68 O.S. Supp. 1998, § 1352[68-1352](7).
¶ 3 Section 1354(1) of the Code levies a tax on "all sales, not otherwise exempted in the Oklahoma Sales Tax Code." The tax is levied on "the gross receipts or gross proceeds of each sale."Id.
¶ 4 The Oklahoma Tax Commission, the agency primarily responsible for the enforcement of Oklahoma tax laws, has promulgated a rule relating to sales tax applicable to caterers which provides:
 (a) The term "caterer" means a person engaged in the business of serving meals, food, and drinking on the premises of customers but does not include employees hired by the hour or day.
 (b) Sales tax must be collected, reported and remitted on all charges made by caterers for serving meals, food, and drinks, inclusive of charges for food, the use of dishes, silverware, glasses, chairs, tables, etc., used in connection with serving meals, and for the labor of serving the meals. Sales tax must be collected, reported and remitted on charges made by caterers for the rental of dishes, silverware, glasses, etc., even though no food is provided or served by the caterers in connection with such rental.
OAC 710:65-19-40 (emphasis added in (b)).
¶ 5 It is the declared Legislative intent that, unless a specific exemption is applicable, a sale to a consumer is taxable. 68 O.S. 1991, § 1351[68-1351]. Labor and delivery charges by a caterer are part of the gross proceeds or gross receipts as defined by statute and Tax Commission rule. Oklahoma law contains no exemption from sales tax for labor and delivery charges by caterers and, therefore, such charges are subject to sales tax.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 When a caterer charges for labor and delivery the charges area component of the gross proceeds or gross receipts received bythe caterer and because no exemption from sales tax exists forsuch charges, they are subject to sales tax pursuant to 68 O.S.Supp. 1998, § 1354(1).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL